IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Bruce C. French,                                        Case No. 3:08CV1260

        Plaintiff,

    v.                                                 ORDER

St. Rita's Medical Center,

        Defendant.

       This case is a dispute over defendant's alleged breach of confidence, invasion of privacy and violation of 42 U.S.C. §1320d. Plaintiff, Bankruptcy Trustee of the estate of the debtor Rhonda Lynn Jarman, claims these causes of action arise from unprivileged and unauthorized disclosure of medical treatments provided to Jarman by the defendant, one of her creditors.

       Pending is defendant's motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and/or for failure to state a claim under Fed. R. Civ. P. 12(b)(6). [Doc. 4]. For the reasons that follow, defendant's Rule 12(b)(1) motion shall be granted.

**Background**

       St. Rita's Medical Center [St. Rita's] treated Jarman throughout 2006 and 2007. Jarman, with Kenneth Gorden Jarman, Jr., filed a petition for Chapter 7 bankruptcy on September 12, 2007. On December 3, St. Rita's filed a proof of claim alleging it was owed $848.98 for the 2006 and 2007 medical services. This proof of claim set forth descriptions and costs of the medical services provided for debtor.

On April 2, 2008, plaintiff filed an adversary proceeding alleging defendant's disclosure of medical information in the proof of claim entitles the estate to recover for: 1) breach of confidence; 2) negligent and intentional invasion of privacy; and 3) violation of the federal Health Insurance Portability and Accountability Act (HIPAA). Defendant filed a motion to dismiss for lack of subject matter jurisdiction or, in the alternative, a partial motion to dismiss for failure to state a claim. Thereafter, the case was transmitted from United States Bankruptcy Court before the Honorable Richard L. Speer to this court.

Plaintiff alleges the court has subject matter jurisdiction under 28 U.S.C. §§ 157 and 1334. He argues he has standing to sue under 11 U.S.C. § 541(a)(7) because the complaint addresses issues "related to a case under title 11" under 28 U.S.C. § 1334(b), and, as further bases, 11 U.S.C. § 541(a)(6) and 11 U.S.C. § 105.  Defendant seeks the same relief as it did from the bankruptcy court, maintaining this court does not have subject matter jurisdiction, plaintiff does not have standing to bring the claims, and the complaint fails to state a claim upon which relief may be granted as to the negligent invasion of privacy and HIPAA violation claims.

### Subject Matter Jurisdiction and Standing

The court must consider a Rule 12(b)(1) motion before a 12(b)(6) motion because a challenge to the merits is moot if the court lacks subject matter jurisdiction. *Moir v. Greater Cleveland Regl. Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990) (citing *Bell v. Hood*, 327 U.S. 678, 682 (1946)).  Plaintiff is invoking federal jurisdiction; therefore, he bears the burden of establishing its existence. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 104 (1998); *Moir*, *supra*, 895 F.2d at 269. Plaintiff also bears the burden of establishing standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

2

## Discussion

When a bankruptcy case is commenced, an estate is created by operation of law. 11 U.S.C. § 541(a). The bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a). To determine whether this matter falls within the court's jurisdiction, the first issue is whether plaintiff's claims constitute property of the bankruptcy estate.

This court's jurisdiction "is grounded in, and limited by, statute." *Celotex Corp. v. Edwards*, 514 U.S. 300, 307 (1995). Congress gave district courts "original but not exclusive jurisdiction" over 1) "proceedings arising under title 11;" 2) proceedings "arising in" a case under title 11; and 3) proceedings "related to" a case under title 11. 28 U.S.C. § 1334(b); *In re Wolverine Radio Co.*, 930 F.2d 1132, 1141 (6th Cir. 1991). "[F]or purposes of determining section 1334(b) jurisdiction, it is necessary only to determine whether a matter is at least 'related to' the bankruptcy." *Wolverine*, *supra*, 930 F.2d at 1141. Accordingly, plaintiff's claims must be sufficiently related to the bankruptcy estate to provide this court jurisdiction to adjudicate.

### 1. Post-Petition Claims Not Sufficiently "Related To" Bankruptcy Estate

The Third Circuit set forth the test for determining "related to" jurisdiction in *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134-35 (1995) (emphasis in original) (citations omitted):

> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether *the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy*. Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or

3

freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

The Sixth Circuit has adopted the *Pacor* test "with the caveat that 'situations may arise where an extremely tenuous connection to the estate would not satisfy the jurisdictional requirement.'" *Robinson v. Michigan Consul. Gas* Co., 918 F.2d 579, 584 (6th Cir. 1990) (quoting *In re Salem Mortgage Co.*, 783 F.2d 626, 634 (6th Cir. 1986)). This case, in which plaintiff's grounds for recovery stem from defendant's December 3, 2007, proof of claim, is such a situation.

The Bankruptcy Court for the Northern District of Ohio has addressed this relatedness issue in a similar case. In *Sicherman v. Crosby (In re Rivera)*, 379 B.R. 728, 730 (Bankr. N.D. Ohio 2007), the trustee brought an adversary proceeding against the debtor and the debtor's attorney for misappropriated settlement proceeds arising out of a pre-petition personal injury action. In response, the debtor cross-claimed against his attorney, alleging legal malpractice. *Id.* However, since "such claim did not exist as of the commencement of the Debtor's case," the court concluded that the claim was not property of the debtor's estate. *Id.* at 731. As a result, the court held that it had no jurisdiction under Section § 1334(b) to hear the debtor's post-petition malpractice claim. *Id.* The *In re Rivera* court further concluded that, even if the debtor was entitled to recover against his attorney, such recovery "would not impact the Debtor's estate such that this Court could exercise related-to jurisdiction over the Debtor's claim." *Id.*

The analysis of *In re Rivera* is compelling, and consistent with the Bankruptcy Code's "fresh start" policy. *See, e.g.*, *Grogan v. Garner*, 498 U.S. 279, 283 (1991). Plaintiff's claim is traceable to events in debtor's pre-bankruptcy past; however, he indisputably bases his claims entirely on events occurring after debtor's September 12, 2007, filing for bankruptcy. These claims are not

4

"legal or equitable interests of the debtor in property as of the commencement of the case." *See* 11 U.S.C. § 541(a). These claims cannot be considered "sufficiently rooted in [the debtor's] prebankruptcy past to constitute property of the estate." *Mueller v. Hall (In re Parker)*, 2007 WL 1376081, at *7 (B.A.P. 6th Cir. 2007). Rather, they are post-petition claims arising from conduct occurring months after debtor filed for bankruptcy – accordingly, not property of the estate.

The claims belong to the debtor personally; consequently, plaintiff lacks prudential standing to raise them. *See generally Stevenson v. J.C Bradford & Company (In re Cannon)*, 277 F.3d 838, 853 (6th Cir. 2002) (discussing prudential standing and the powers of a bankruptcy trustee). A bankruptcy trustee may not sue on claims not belonging to estate. *See, e.g.*, *id.* at 856 (trustee fails to meet prudential limitation when claim does not belong to the estate); *Cissell v. American Home Assur. Co.,* 521 F.2d 790, 792 (6th Cir. 1975) (trustee unable to sue upon claims not belonging to the estate). As the claims are not sufficiently "related to" the bankruptcy estate and plaintiff trustee has no standing to bring them, this court lacks subject matter jurisdiction.

## 2. *French v. Marion General Hospital (In re Patterson)*

Bankruptcy Judge Speer, in a recent, analogous case, provides strong support for this conclusion. In *French v. Marion General Hospital (In re Patterson)*, 2008 WL 2276961 (Bankr. N.D. Ohio 2008), two debtors filed for Chapter 7 bankruptcy. Months later, a hospital filed a proof of claim for unpaid medical services. The trustee for the debtors' estate filed an adversary proceeding with the Bankruptcy Court, claiming 1) breach of confidence, 2) invasion of privacy, and 3) violation of HIPAA.  There, as in the case at bar, "all the necessary elements to sustain the Trustee's three claims are based upon a single postpetition event: the Defendant's public disclosure, in its proof of claim filed with the Court, of certain medical information of the Debtors." *Id.* at *3.

5

The Bankruptcy Court concluded that plaintiff lacked the requisite standing to raise claims against the hospital and dismissed plaintiff's adversary proceeding. *Id.* at *7. Bankruptcy Judge Speer reasoned, "where all the events giving rise to a cause of action occur following the filing of the [bankruptcy] petition, the cause of action is not property of the estate." *In re Patterson*, *supra*, at *3. Similarly, in this case plaintiff bases his three claims on a single event – defendant's December 3, 2007, proof of claim – which occurred nearly three months after the debtor filed her Chapter 7 bankruptcy petition. These post-petition claims, like those in *In re Patterson*, arise from within "the time period subsequent to the Debtors' bankruptcy filing;" they do not have "substantial roots in the pre-bankruptcy past." *Id.* at *5-6.

Plaintiff, as he did in *In re Patterson*, argues that 11 U.S.C. § 541(a)(7) renders the post-petition claims raised in the complaint property of the estate, thus giving him the requisite standing. However, as the Bankruptcy Court explained, plaintiff misconstrues § 541(a)(7): "a property interest acquired postpetition during the pendency of a  .  .  .  case qualifies as property of the estate, for purposes of § 541(a)(7), only if said property is traceable to (or arises out of) some prepetition property interest which already is included in the bankruptcy estate." *Id.* at *6 (quoting *In re Doemling*, 116 B.R. 48, 50 (Bankr. W.D. Pa. 1991)). As Bankruptcy Judge Speer concluded in his thorough and well-reasoned opinion, I find debtor's estate does not have an interest in any of the three post-petition claims. Plaintiff has no § 541(a)(7) basis to assert standing.

In his supplement, plaintiff raises two additional arguments not addressed in *In re Patterson*. Neither is persuasive. First, he argues for standing under 11 U.S.C. § 541(a)(6), which defines "property of the estate" to include "[p]roceeds, product, offspring, rents, or profits *of or from property of the estate*." (emphasis added). According to plaintiff, "[a]n action that results from estate

6

proceedings, such as a violation of law during the claims process is 'proceeds, product, offspring' 'of or from property of the estate,'" and that, as someone "intimately and inextricably connected with the estate" in the claim review process, he is the proper party to the action. As discussed in the previous paragraph, plaintiff's three claims are not "property of the estate." Even the most generous reading of § 541(a)(6) cannot transform the proceeds, product, offspring, rents, or profits of these non-property claims into "property of the estate."

Second, plaintiff seeks standing for equitable reasons under 11 U.S.C. § 105. According to § 105, "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Plaintiff's request is improper, however, because the court's § 105(a)'s equitable powers do not extend to issues of standing. *See, e.g., In re Ozark Restaurant Equip. Co.*, 816 F.2d 1222, 1230 (8th Cir. 1987) (a court's equitable powers under 11 U.S.C. § 105 "do not include the ability to award equitable relief where the party asserting the cause of action for such relief does not have standing under any other section of the Code"). Accordingly, plaintiff's equitable standing argument fails.

Because plaintiff's post-petition claims are not "related to" debtor's Chapter 7 bankruptcy estate and plaintiff has no standing to assert the claims, this court lacks subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

### Conclusion

For the foregoing reasons, it is hereby

ORDERED THAT defendant's motion to dismiss [Doc. 4] be, and the same hereby is granted.

7

So ordered.

s/James G. Carr
James G. Carr
Chief Judge
